UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM DEAN MCCORMICK, | Case No. 6:22-cv-01464-MC |
| Plaintiff, | ORDER TO AMEND |
| v. | |
| OREGON EMPLOYMENT DEPT., | |
| Defendant. | |

MCSHANE, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), files this action pursuant to 42 U.S.C. § 1983 alleging that the Oregon Employment Department (OED) unlawfully denied his claim for unemployment benefits. Plaintiff's allegations fail to state a viable claim under § 1983, and he must file an Amended Complaint for this action to proceed.

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

1   - ORDER TO AMEND

relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

      Plaintiff's claims arise from OED's alleged denial of his application for unemployment benefits. Plaintiff alleges that on one or more occasions he applied for Pandemic Unemployment Assistance, presumably pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) enacted by Congress on March 27, 2020. Pub. L. No. 116-136, 134 Stat. 281 (2020).[1] Plaintiff alleges that, after several delays in the processing of his applications, OED improperly denied them on grounds that he missed the filing deadline and had applied for "regular" unemployment assistance rather than pandemic assistance. Plaintiff contends that he timely filed applications for Pandemic Unemployment Assistance, and a computer crash at OED must have led to the loss of his initial application or its misclassification as an application for "regular" unemployment benefits.

---

[1] The CARES Pandemic Unemployment Assistance program "provides unemployment assistance through state agencies for individuals who are not eligible for regular unemployment compensation or extended benefits under State or Federal law." *Witzke v. Donofrio*, 2021 WL 22467, at *1 (E.D. Mich. Jan. 4, 2021).

2   - ORDER TO AMEND

To sustain a claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Construed liberally, plaintiff's allegations implicate his right to procedural due process under the Fourteenth Amendment.[2] To state a procedural due process claim, plaintiff must allege facts showing "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff's Complaint fails to establish these elements.

First, plaintiff's Complaint does not allege a protected property interest in unemployment assistance. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff does not allege facts plausibly suggesting that he qualified for and was entitled to receive Pandemic Unemployment Assistance; plaintiff merely alleges that he completed claims for Pandemic Unemployment Assistance and submitted them to OED. Plaintiff must allege facts showing that he qualified for unemployment benefits to assert a protected property interest.[3]

---

[2] To the extent plaintiff's claims arise from OED's alleged failure to follow Oregon law governing unemployment benefits, he must file suit in state court.

[3] For example, to qualify for and receive Pandemic Unemployment Assistance benefits, "individuals must self-certify that they are: (1) self-employed; (2) seeking part-time employment; (3) lack sufficient work history; or (4) otherwise would not qualify for regular unemployment compensation or extended benefits" and "that they are capable of working, but are unemployed, partially employed, or unable to work due to any one of 11 reasons related to the COVID-19 pandemic." *Witzke*, 2021 WL 22467, at *1. Further, for self-employed individuals such as plaintiff, claims for benefits must be supported by documentation substantiating the self-employment and wages earned. *Id.* at *2.

3    - ORDER TO AMEND

Second, plaintiff fails to allege facts suggesting that OED failed to provide adequate procedural protections, including notice of its decision and an opportunity for plaintiff to be heard. *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) ("Notice and [a meaningful] opportunity to be heard are the hallmarks of procedural due process."). Plaintiff admits that he received notice of OED's decision and was informed that he could appeal. In fact, Oregon provides an administrative remedy process to appeal the denial or termination of unemployment benefits. *See, e.g.,* Or. Rev. Stat. §§ 657.267, 657.269, 657.270. Plaintiff nonetheless maintains that he was unable to pursue the appeals process because of his impending incarceration. While unfortunate, the timing of plaintiff's incarceration does not by itself render OED's procedural process inadequate.

Despite the deficiencies in plaintiff's Complaint, the Court grants him leave to file an amended complaint. Plaintiff must allege facts plausibly suggesting that he was legally entitled to Pandemic Unemployment Assistance and that OED's process to challenge the denial of assistance was constitutionally inadequate.

## CONCLUSION

Plaintiff's claims are DISMISSED for failure to state a claim. Within thirty days from the date of this Order, plaintiff shall file an amended complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of November, 2022.

s/ Michael J. McShane<br>
MICHAEL J. MCSHANE<br>
United States District Judge